# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDWARD COLLIER**
    **Petitioner-Defendant,**

  **v.**                              **Case No. 13-C-329**
                                          **(Criminal Case No. 11-CR-147)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

---

## RULE 4 ORDER

Petitioner Edward Collier moves pursuant to 28 U.S.C. § 2255 to vacate his 120 month sentence for possession of a short-barreled shotgun. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, I must conduct a preliminary review of the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response . . . .

### I. BACKGROUND

On July 12, 2011, the government obtained an indictment charging petitioner with possession of a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1). The indictment identified the firearm as a 20 gauge pump shotgun with a barrel 12 ½ inches in length. The indictment further alleged that petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e), triggering a 15 year mandatory minimum sentence. On January 6, 2012, pursuant to an agreement with the government, petitioner pleaded guilty to an information charging him with possession of a short-barreled shotgun, contrary to 26 U.S.C. § 5861(d). The agreement

called for the parties to jointly recommend a 10 year sentence, the maximum under § 5861(d), but 5 years less than the minimum term required by the original charge. I accepted the plea, and on April 12, 2012, sentenced petitioner to 120 months. He took no appeal but now seeks to vacate his sentence under § 2255.

## II. DISCUSSION

### A. Applicable Legal Standards

Section 2255 permits a federal prisoner to attack his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Prisoners may not use § 2255 as a substitute for direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). Claims not raised on direct appeal are barred from collateral review unless the prisoner can show good cause for failing to raise the issue earlier and actual prejudice based on the error alleged. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Further, a prisoner who pleads guilty on the advice of counsel cannot in a collateral proceeding raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Rather, he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below Sixth Amendment standards. Id.; see also Massaro v. United

States, 538 U.S. 500, 504 (2003) (holding that a claim of ineffective assistance of counsel may be raised for the first time under § 2255). In order to establish an ineffective assistance claim, a prisoner bears the heavy burden of showing that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Where the prisoner enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985). In order to show prejudice, the prisoner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.

**B.    Analysis**

Because petitioner failed to raise any of the claims presented in his § 2255 motion directly, they are procedurally defaulted. To the extent that petitioner blames his lawyer for failing to raise these claims and instead advising him to plead guilty, he cannot show prejudice, as the claims lack any merit and the record shows that counsel obtained a favorable resolution through the plea agreement.

Petitioner primarily attacks the jurisdictional basis for his custody. The district court has subject matter jurisdiction over all offenses against the laws of the United States, 18 U.S.C. § 3231; Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999), and personal jurisdiction over any defendant brought before it on an indictment charging a violation of federal law, United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011), cert. denied, 132 S. Ct. 1612 (2012). Petitioner's contention that § 3231 is invalid because it was never enacted into "positive law" is frivolous. See, e.g., Pegues v. United States, No. 2:10cv212, 2011 WL 5037509, at *2-3

3

(M.D. Ala. Sept. 26, 2011) (collecting cases), adopted 2011 WL 5037409 (M.D. Ala. Oct. 24, 2011); Villanueva v. United States, No. 09-C-0479, 2009 WL 1867742, at *2 (E.D. Wis. June 26, 2009) (collecting cases). Similarly frivolous are petitioner's claims that under 27 C.F.R. § 72.11 he was prosecuted for a "commercial crime" without a contract, see, e.g., United States v. Davis, No. 2:09-CR-78, 2012 WL 2995684, at *3 (D. Nev. July 23, 2012) (collecting cases); Jones v. United States, No. 2:07-cv-448, 2008 WL 2901050, at *2 (M.D. Fla. July 23, 2008) ("Section 72.11 does not state that all crimes are commercial in nature, and in any event this section has no relevance to the criminal prosecution of petitioner."), that the government lacked "standing" to prosecute him, see, e.g., United States v. Daniels, 48 Fed. Appx. 409, 417-18 (3d Cir. 2002) ("This contention is frivolous. As sovereign, the United States has standing to prosecute violations of valid criminal statutes."); United States v. Wright, No. 1:09 CR 219, 2010 WL 4628529, at *5 (N.D. Ohio Nov. 5, 2010) (same), and that the government failed to satisfy the "corpus delicti rule," see United States. v. Kerley, 838 F.2d 932, 940 (7th Cir. 1988) (noting that the "the corpus delicti rule no longer exists in the federal system").[1]

Petitioner also alleges prosecutorial vindictiveness, but he presents no facts supporting such a claim. In order to make out a claim of vindictive prosecution, a defendant must show that the prosecutor harbored genuine animus, and that absent this motive he would not have been prosecuted. United States v. Monsoor, 77 F.3d 1031, 1034 (7th Cir. 1996). In certain limited situations, such as where a defendant succeeds in obtaining a reversal on appeal and the government then brings more serious charges, the court may presume vindictiveness. United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006). However, this presumption does

---

[1]At all events, in the present case the government had the shotgun (the corpus delicti in a prosecution of this type). See n.2, infra.

4

not apply to pre-trial charging decisions, id., and absent circumstances giving rise to a presumption of vindictiveness the defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus. United States v. Jarrett, 447 F.3d 520, 525 (7th Cir. 2006). Only if the defendant comes forward with objective evidence of actual vindictiveness does the burden shift to the government to show that the motivation behind the charges was proper. Id. Petitioner presents no evidence of vindictiveness in his case, and the record actually suggests the contrary: the prosecutor offered petitioner a plea agreement that saved him 5 years in prison.

Petitioner alleges that his lawyer provided ineffective assistance by allowing him to plead to the wrong statute, but aside from his misguided argument about § 3231 he fails to explain how this is so. His bare contention that counsel conspired with the prosecutor adds nothing. See Oliver v. United States, 961 F.2d 1339, 1342 (7th Cir. 1992) (stating that conclusory allegations of attorney error will not suffice). Finally, as indicated, the agreement negotiated by counsel and the government saved petitioner 5 years in prison; petitioner cannot demonstrate that counsel provided ineffective assistance in advising him to accept this agreement and plead guilty.[2]

---

[2] Given the evidence the government possessed, petitioner stood little chance at a trial. The police received a complaint from "D.J." that petitioner had stolen D.J.'s shotgun. The police contacted petitioner and asked him about the shotgun; in response, petitioner retrieved a gun case from his residence and gave it to the police. The case contained a shotgun, which had a sawed off barrel. The police showed D.J. the shotgun, and he identified the gun but claimed someone had sawed off the barrel since he had last seen it. The police then re-contacted petitioner, who admitted sawing off the barrel. Following his arrest, petitioner made further admissions, stating that he took the shotgun because D.J.'s dog had damaged his furniture. He also admitted to sawing off the barrel because it was too long to carry around, and he needed it for protection. It was also undisputed that petitioner had four previous burglary convictions, making him an armed career criminal. Under these circumstances, there was little counsel could do other than attempt to negotiate the best disposition possible.

5

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner.  In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because petitioner's claims lack any arguable merit, I decline to issue a COA in this case.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge